Appellant Lanny Snell is appealing the decision of the Knox County Court of Common Pleas that granted a motion for summary judgment filed by Appellees F. W. Englefield, IV, Benjamin B. Englefield, Edward Stephens and Englefield Oil Company. The following facts give rise to this appeal.
Appellant Larry Snell owns property at 319 Teryl Drive and 381 Vernedale Drive, Mt. Vernon. Both properties are part of Lot 175 of Highland Park Addition, a subdivision of Mt. Vernon. On June 13, 1995, appellees filed a request for a variance of the setback requirement. Appellees desired to build a Duke and Duchess Shoppe on their properties. The Board of Zoning Appeals conducted a hearing, in this matter on July 6, 1995. The Board granted the variance.
As a result of the Board's decision, appellant filed two lawsuits in September 1994. The first complaint, Case Number 94OT-090179, filed pursuant to R.C. 713.13, alleged trespass and sought enforcement of deed restrictions/covenants and damages. The trial court conducted a hearing on this matter, on September 9, 1995. By judgment entries filed September 18, 1995 and February 26, 1996, the trial court found in favor of appellees. Appellant appealed this case and we affirmed the trial court's decision.[1]
The second case appellant filed, Case Number 94AP090178, was an administrative appeal, to the Knox County Court of Common Pleas, of the Board's decision granting the variance to appellees. Appellant claims the variance and permit procedure were deficient in the following manner:
 1. Appellee Englefield did not certify the facts required by the Mt. Vernon Zoning Code.
 2. Written notice of the hearing was not sent to interested parties.
 3. The Board of Zoning Appeals made no findings of fact.
 4. The Zoning Enforcement Officer did not sign any order.
 5. The building permit that was certified to the lower court was not signed by the Zoning Enforcement Officer nor was it journalized by the clerk.
 6. No written notification of the permit was sent to any party. Appellant's Brief at 1.
Appellees Board of Zoning Appeals and Englefield Oil Company filed motions to dismiss Case Number 94AP090178. On May 1, 1995, the trial court dismissed the case as being untimely filed. Appellant appealed to this court and we reversed the trial court's decision remanding the matter to the trial court for further proceedings consistent with our opinion.[2]
On February 4, 1998, appellant filed a motion to admit additional evidence pursuant to R.C. 2506.03 and to proceed with appeal. Appellees filed a motion for summary judgment on March 18, 1998. On June 1, 1998, the trial court denied appellant's motion to admit additional evidence and proceed with the appeal and granted appellees' motion for summary judgment. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT BELOW ERRED AS A MATTER OF LAW BY DISMISSING AN ADMINISTRATIVE APPEAL BELOW ON THE BASIS OF RES JUDICATA.
 II. THE COURT BELOW ERRED AS A MATTER OF LAW BY DISMISSING THE ADMINISTRATIVE APPEAL BELOW ON THE BASIS OF RES JUDICATA WHEN THIS COURT HAD ALREADY DECIDED REJECTED (SIC) THE SAME ARGUMENT PRIOR TO REMAND AND WITH NO INTERVENING EVENTS.
 III. THE COURT BELOW ERRED AS A MATTER OF LAW BY DISMISSING AN ADMINISTRATIVE APPEAL UPON SUMMARY JUDGMENT BASED UPON FACTS NOT ON THE RECORD.
 IV. THE COURT BELOW ABUSED ITS DISCRETION BY DISOBEYING THE ORDER OF THIS APPELLATE COURT, TO CONDUCT PROCEEDINGS IN ACCORDANCE WITH THE OPINION OF THIS COURT UPON REMAND.
 V. THE COURT BELOW ERRED AS A MATTER OF LAW BY DISMISSING THE APPEAL BELOW PRIOR TO THE FILING OF BRIEFS.
 VI. THE COURT BELOW ABUSED ITS DISCRETION BY DENYING APPELLANTS' (SIC) MOTION TO SUPPLEMENT THE RECORD PURSUANT TO ORC SECTION 2506.03 WHILE AT THE SAME TIME DISMISSING THE ACTION PURSUANT (SIC) APPELLEES' SUPPLEMENTARY FACTS.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously as both concern whether the trial court properly dismissed this case on the basis of res judicata.
Appellant argues the trial court erred when it granted appellees' motion for summary judgment on the basis of resjudicata. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's First and Second Assignments of Error.
In its judgment entry of June 1, 1998, the trial court determined that the issues presented in the case currently before the court were previously decided in Case Number 94OT-090179 and therefore, the action was barred by resjudicata. In the case of Grava v. Parkman Township (1995),73 Ohio St.3d 379, the Ohio Supreme Court stated that:
 A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.
In adopting this definition of res judicata, the Ohio Supreme Court explained it was adhering "* * * to the modern application of the doctrine * * *." Id. at 382. The Court cited to 1 Restatement of the Law 2d, Judgments (1982), Section 25, which states:
 The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *; regardless of the variations of the evidence needed to support the theories or rights. Id. at 209.
In Grava, the Ohio Supreme Court held that "* * * [appellant's] second application for a zoning certificate is barred by the doctrine of res judicata. [Appellant's] second application is based on a claim arising from a nucleus of facts that was the subject of his first application." Grava at 383. The Court noted the only difference between the two applications was the theory of substantive law under which appellant sought relief. Id.
In the case sub judice, we find the trial court properly applied res judicata. The controversy in this matter centers around the construction of a Duke Duchess Shoppe. The construction of the Duke Duchess Shoppe was also the center of controversy in Case Number 94OT-090179. The trial court filed a Judgment Entry, on February 26, 1996, containing findings of fact and conclusions of law. This Judgment Entry specifically addresses the procedure followed by the Board of Zoning Appeals and the trial court stated in its conclusions of law:
 The Plaintiff failed to prove any set of facts that if true, would show that the City of Mount Vernon improperly granted a variance to Englefield to construct its new building. The testimony of the City officers charged with the review of zoning matters was clear that the procedures and requirements for a zoning permit and a variance were proper and regular. There was no evidence produced to show that the application contained falsehoods or inaccuracies. Notice was given of the hearing before the Board of Zoning Appeals as prescribed by the Code. Nothing in the oral testimony indicated any bad faith, illegal or improper procedure. * * * The variance was properly issued and the zoning permit is valid. Id. at 15-16.
Clearly, based on the above language contained in the trial court's Judgment Entry issued in Case Number 94OT-090179, the trial court has already addressed the issue of whether the Mt. Vernon Board of Zoning Appeals properly issued the variance and permit to construct the Duke Duchess Shoppe. In Case Number 94AP090178, appellant merely seeks to bring before the trial court matters it has previously addressed. Therefore, the trial court properly granted appellees' motion for summary judgment on the basis of res judicata.
Appellant's First and Second Assignments of Error are overruled.
 III, VI
We will address appellant's Third and Sixth Assignments of Error simultaneously as both concern similar issues. In his Third Assignment of Error, appellant contends the trial court erred when it dismissed this administrative appeal, upon summary judgment, based on facts not contained in the record. In his Sixth Assignment of Error, appellant maintains the trial court abused its discretion by denying his motion to supplement the record pursuant to R.C. 2506.03 while at the same time dismissing the action pursuant to appellees' supplementary facts. We disagree with both assignments of error.
The notice of appeal filed by appellant on September 26, 1994, indicated appellant appealed the Board of Zoning Appeal's decision to grant a variance to Appellee Englefield Oil Company. There was no need to supplement the record with additional facts because it was apparent from the notice of appeal that appellant intended to challenge the grant of the variance, an issue the trial court previously addressed in Case Number 94OT-090179. There was no need to supplement the record with additional facts as the trial court could dispose of this matter without hearing any additional evidence. Further, even if the trial court erroneously permitted appellees to supplement the record with additional facts, we find the trial court clearly could have reached the conclusion that resjudicata applied without hearing any additional evidence from either party.
Finally, the trial court did not err in disposing of this matter by way of summary judgment. An administrative appeal is civil in nature and therefore, the Civil Rules of Procedure are applicable.
Appellant's Third and Sixth Assignments of Error are overruled.
 V
Appellant argues, in his Fifth Assignment of Error, the trial court erred by dismissing the administrative appeal prior to the filing of briefs in this matter. We disagree. As noted in appellant's Third and Sixth Assignments of Error, there was no need for the trial court to consider additional facts or review briefs in order to determine this matter is barred by resjudicata.
Appellant's Fifth Assignment of Error is overruled.
We will not address appellant's Fourth Assignment of Error as it is moot based on our disposition of appellant's Assignments of Error One, Two, Three, Five and Six.
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Snell v. F. W. Englefield, IV (Nov. 14, 1996), Knox App. No. 96 CA 13, unreported.
[2] Snell v. City of Mount Vernon Board of Zoning Appeals (Dec. 18, 1995), Knox App. No. 95-CA-24, unreported.